UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW J. SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>MARY ANN WOLLET, et al.,<br><br>    Defendants. | Case No.   1:24-cv-00649-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FILING A FALSE IFP AFFIDAVIT<br><br>(ECF No. 4)<br><br><u>RESPONSE DUE BY NO LATER THAN JULY 22, 2024</u> |

Plaintiff Matthew J. Sanchez is currently incarcerated at the Bob Wiley Detention Facility and is proceeding *pro se* in this civil action. (ECF No. 1). Plaintiff's complaint is dated May 26, 2024.[1] (*Id.* at 3).

This case is before the Court on Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 4). For the reasons given below, the Court will require Plaintiff to show cause why this case should not be dismissed for filing a false IFP affidavit.

The Court normally requires a $405 filing fee for a civil action. However, a federal statute, 28 U.S.C. § 1915, permits a plaintiff to commence a lawsuit without prepaying a filing fee. This statute requires "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). In

---

[1] Plaintiff also dated his complaint March 26, 2024. (ECF No. 1, p. 3). However, because the complaint was filed on the docket on June 3, 2024, the Court finds it more likely that the May 26 date is what Plaintiff intended and the March 26 date is a clerical error.

1

addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2). Importantly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue." But "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n. 8 (9th Cir. 2015). In reviewing an IFP application, a court is "entitled to consider [a plaintiff's] own economic choices about how to spend his money." *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). For example, the Court can consider that a plaintiff thought it more worthwhile to spend his money on commissary items than to pay the filing fee for his civil rights suit. *Id.*

With these standards in mind, the Court notes that Plaintiff filed the standard IFP application, which includes a declaration signed by Plaintiff answering questions about his finances under penalty of perjury. Importantly, Plaintiff stated that (1) he received no money from any source over the last twelve months; and (2) that he had no cash or any other assets. (ECF No. 4).

However, according to Plaintiff's trust account statement, the information in his IFP application is false. Among other things, the statement, shows that (1) Plaintiff received numerous deposits in his account in the six-month period preceding the filing of the complaint; (2) that he had an account balance of $234.25 on May 6, 2024 (the last available balance before he dated his complaint); and (3) that he would have had enough money to pay the entire $405 filing fee had he not routinely spent his money on commissary purchases.

From these facts, it appears that Plaintiff intentionally made false statements on his IFP affidavit by claiming that he received no money in the last twelve months and had no funds. Further, he could have afforded to pay the filing fee had he not spent his money on numerous commissary purchases.

Based on these circumstances, IT IS ORDERED as follows:

1. By no later than July 22, 2024, Plaintiff shall file a response to this order, showing cause why this case should not be dismissed for filing a false IFP affidavit.

2. If Plaintiff fails to timely respond to this order, he is advised that this case may be dismissed without further warning.

IT IS SO ORDERED.

Dated:   **June 21, 2024**                            /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE