1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW J. SANCHEZ,<br><br>             Plaintiff,<br><br>   v.<br><br>MARY ANN WOLLET, *et al.*,<br><br>             Defendants. | Case No. 1:24-cv-00649-EPG (PC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE AND<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF NO. 4)<br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN 30 DAYS |

Plaintiff Matthew J. Sanchez is currently incarcerated at the Bob Wiley Detention Facility and is proceeding *pro se* in this civil action. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (IFP) in this action. (ECF No. 4). For the reasons stated below, the Court recommends Plaintiff's IFP application be denied and Plaintiff be required to pay the filing fee in full if he wants to proceed with this action.

I.    **BACKGROUND**

Plaintiff filed this case pursuant to 42 U.S.C. § 1983 on June 3, 2024, with a complaint dated May 26, 2024. (ECF No. 1). He then filed an application to proceed *in forma pauperis* on June 20, 2024, which was signed on June 13, 2024, and included a declaration signed by Plaintiff answering questions about his finances under penalty of perjury. (ECF No. 4).

Importantly, Plaintiff stated that (1) he received no money from any source over the last twelve months; and (2) that he had no cash or any other assets. (ECF No. 4).

However, according to Plaintiff's trust account statement, the information in his IFP application is false. (ECF No. 4 at 3–4). Among other things, the statement shows that (1) Plaintiff received numerous deposits in his account in the twelve-month period preceding the filing of the complaint; and (2) that he had an account balance of $221.51 on June 10, 2024 (the last available balance before he filed his IFP application).

Noting that it appeared that Plaintiff intentionally made false statements on his IFP affidavit, the Court ordered Plaintiff to show cause why this case should not be dismissed for filing a false IFP affidavit. (ECF No. 5).

On July 18, 2024, Plaintiff filed a response, stating his account has been "frozen" since January 24, 2024. (ECF No. 7 at 1). Plaintiff also stated that he "allow[s] other inmates to put money on [his] books so they can go to store outside the limit of $220 or [be]cause they are on a discipline scenario where they are not allowed to go to store on their own books 'to beat the system.'" (*Id.*) Plaintiff concluded, "if Court feels it necessary, they can keep [his] balance of trust account." (*Id.* at 2).

## II.   ANALYSIS

The Court normally requires a $405 filing fee for a civil action. However, a federal statute, 28 U.S.C. § 1915, permits a plaintiff to commence a lawsuit without prepaying a filing fee. This statute requires "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). In addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2).

Importantly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue." But "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d

1226, 1235 n.8 (9th Cir. 2015). In reviewing an IFP application, a court is "entitled to consider [a plaintiff's] own economic choices about how to spend his money." *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). For example, the Court can consider that a plaintiff thought it more worthwhile to spend his money on commissary items than to pay the filing fee for his civil rights suit. *Id.*

With these standards in mind, the Court concludes that the information on Plaintiff's application was untrue. Specifically, Plaintiff claimed to (1) receive no funds from any source from the last twelve months and (2) have no cash or other assets. (ECF No. 4). But according to Plaintiff's trust account statement, which Plaintiff does not contest the accuracy of, Plaintiff received routine deposits, *e.g.*, $50 on October 22, 2023; $100 on November 1, 2023; $50 on December 3, 2023; $100 on December 17, 2023; $50 on January 12, 2024; $15 on January 14, 2024; $40 on January 21, 2024. Moreover, Plaintiff had $234.25 as of May 6, 2024, which is the last date on the statement before he filed his complaint, and $221.51 as of June 10, 2024, when he filed his IFP application.

Having determined that the allegations in the affidavit are untrue, the Court considers whether Plaintiff acted in bad faith. As an initial matter, Plaintiff admits his statements were untrue and that he knew they were untrue at the time they were made.  Notably, Plaintiff does not claim that his false statement was inadvertent or a mistake.  Instead, he claims that he intentionally omitted the information because he was helping other inmates avoid their prison-imposed spending limitations by allowing them to deposit money in his account.  However, concealing other inmates' funds in his own account does little to show Plaintiff's good faith. On the contrary, if true, such concealment would indicate that Plaintiff is intentionally deceiving prison authorities in order to allow other inmates to avoid prison rules regarding their spending.

Moreover, although Plaintiff stated that he had no assets, but for his commissary spending, Plaintiff would have had enough money to pay the filing fee. Other courts have found bad faith where "prisoner-plaintiffs have diverted funds in the period leading up to their IFP application." *Witkin v. Lee*, No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, at *4 (E.D.

Cal. May 15, 2020) (collecting cases). Even setting aside Plaintiff's expenditures, he still had a balance of $221.51 when he submitted his IFP application claiming he has zero cash and zero assets.

Finally, while it is within the Court's discretion to dismiss this case with prejudice based on the authority noted above, the Court will stop short of recommending the harshest sanction in this case. Instead, the Court will recommend that Plaintiff be required to pay the filing fee in full should he wish to proceed with this case.

## III.    CONCLUSION AND ORDER

The Court concludes Plaintiff's allegation of poverty was untrue and circumstances indicate that Plaintiff acted in bad faith to intentionally misrepresent the funds available in his trust account to avoid paying the filing fee.

Accordingly, **IT IS ORDERED** that the Clerk of Court shall assign a district judge to this case.

In addition, **IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) be denied;
2. Plaintiff be ordered to pay the $405 filing fee in full should he wish to proceed in this case; and
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 20, 2024**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE